IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>　　　　Petitioner,<br><br>　v.<br><br>BAYSHORE AMBULANCE COMPANY,<br><br>　　　　Respondent.<br>_____ / | No. C 12-01387 WHA<br><br>**ORDER GRANTING APPLICATION FOR ENFORCEMENT OF SUBPOENA DUCE TECUM AND VACATING HEARING** |

The National Labor Relations Board filed an application for an order requiring respondent Bayshore Ambulance Company to obey a subpoena duces tecum. Respondent filed a statement of non-opposition. For the reasons stated below, the Board's application is **GRANTED** and the April 12 hearing is **VACATED**.

Our court of appeals provides the following framework for enforcing Board subpoenas:

> The scope of a court's inquiry in an agency subpoena enforcement proceeding is narrow. The critical questions are: (1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation. If the agency establishes these factors, the subpoena should be enforced unless the party being investigated proves the inquiry is unreasonable because it is overbroad or unduly burdensome.

*NLRB v. No. Bay Plumbing, Inc.*, 102 F.3d 1005, 1007 (9th Cir. 1996) (citations omitted).

1    This action arises out of the administrative Board Case 20-CA-35598. In October 2011,
2 the Board alleged that respondent unlawfully terminated an employee in retaliation for his
3 activities in support of a labor union (McPalmer Decl. Exh. 1). An administrative hearing on this
4 matter was set for February 2012 (McPalmer Decl. Exh. 2). In connection with the hearing, the
5 Board issued subpoena duces tecum No. B-638946, which was properly served (McPalmer Decl.
6 Exh. 3). At issue here are documents requested in paragraph two (*id.*):

> All documents relating to, reflecting, and discussing, referencing, pertaining to, describing or demonstrating any and all discipline, including but not limited to verbal warnings, written warnings, suspensions and terminations, of any employee of Respondent resulting from his/her delayed or untimely response to a call from Respondent's dispatch operation.

Paragraph four:

> To the extent not provided in response to Documents Requested, paragraph 2, any and all "Trip Details" reports relating to, reflecting, discussing, referencing, pertaining to, or describing any and all incidents, during the period from January 1, 2009 to the present, in which the recorded "Enroute" time is more than five (5) minutes later than the recorded "Dispatched" time.

And paragraph five:

> The complete personnel files (excluding medical and insurance-related records) for each of the following employees or former employees of Respondent:
>
> [Names of five employees previously involved in delay call responses]

Before the administrative hearing, the parties engaged in negotiations to limit the breadth of the subpoena by mutual agreement (McPalmer Decl. ¶ 9). Specifically, the parties limited what was required under documents requested in paragraph five to all "disciplinary records and Goldmine notes (and other such notes if systems other than Goldmine have been used)" for the five employees identified in the subpoena (McPalmer Decl. Exh 4). The parties also agreed to limit documents requested in paragraph two to the time frame of 2008 to the presented, and paragraph four to production of an "out of chute time details" report for "code 2" calls, including

either dates for the calls identified or the underlying "trip detail" documents for each call identified as having been delayed (McPalmer Decl. ¶¶ 12–15, Exhs. 5–7).

Respondent appeared at the administrative hearing without documents fully responsive to paragraphs two, four, and five of the subpoena (McPalmer Decl. ¶ 17). At the hearing, respondent's custodian of records testified that he timely received the subpoena but had not fully complied with the subpoena (McPalmer Decl. Exh. 8 at 16–24). The ALJ granted the Board's motion to continue to the hearing to allow respondent more time to comply with the subpoena (McPalmer Decl. ¶ 20). Counsel for respondent, Attorney Kerry Kennedy, agreed at the hearing that respondent would provide all remaining documents required by the subpoena no later than March 12 (McPalmer Decl. Exh. 8 at 164).

On March 11, Attorney Kennedy notified the Board that respondent could not supply the outstanding subpoenaed documents on time due to confusion about what remained to be produced (McPalmer Decl. Exh. 9). The administrative hearing was (and still is) postponed indefinitely to allow the Board an opportunity to seek enforcement of the subpoena (McPalmer Decl. Exhs. 10–11).

Petitioner National Labor Relations Board filed this application for enforcement to subpoena duces tecum on March 20. A briefing schedule was set and a hearing was scheduled for April 12. Respondent filed a statement of non-opposition on April 9 (Dkt. No. 24).

All requirements for enforcement of the Board's subpoena have been met. The Board has the authority to investigate respondent for violation of unfair labor practices by discharging its employee because he assisted a labor union. 29 U.S.C. 158(a). The Broad also has the authority to issue a subpoena in connection with such investigation. 29 U.S.C. 161(1). The Board has satisfied the procedural requirements for issuing the subpoena (McPalmer Decl. Exh. 3). The subpoena was served via certified mail addressed to respondent at its principal place of business. The subpoena was also served upon respondent's counsel via email. Moreover, the respondent's custodian of records admitted to receiving the subpoena at the administrative hearing.

3

The documents sought in paragraphs two, four, and five of the subpoena are relevant and material to the Board's investigation. To establish that respondent unlawfully terminated an employee for union activity, the Board must show that the employee was engaged in union activity, the employer had knowledge of that activity, and the employer harbored animus towards the union. Animus can be shown by proving that the employer's stated reasons for termination was a pretext. *See Healthcare Employees Union, Local 399 v. NLRB*, 463 F.3d 909, 919–22 (9th Cir. 2006). In the administrative proceedings, respondent had taken the position that the employee was terminated for actions that allegedly made his ambulance team late responding to a particular call (McPalmer Decl. ¶ 11). The subpoena, and more specifically, document requested in paragraphs two, four, and five seek records that may tend to show that respondent, in terminating the employee, disciplined him more severely relative to its past practice regarding other employees who caused their ambulance teams to be late in responding to calls.

For the reasons stated, the Board's application is **GRANTED**. Respondent shall produce to Richard McPalmer, or another Board Agent designated by the Regional Director of Region 20 of the Board, within seven days of this order, all documents not yet produced pursuant to Documents Requested paragraphs two, four, and five of the subpoena duce tecum No. B-638946, consistent with the express limitations agreed upon by the parties.

Finding no further argument necessary, the hearing on this application is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: April 10, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4